**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700    (973)645-2767
Newark, NJ 07102

December 10, 2004

Lawrence M. Herrmann, Esquire
37-51 76th Street
Jackson Heights, New York 11372

    Re:  <u>Plea Agreement with Hernan Uribe Crim. No. 00-822 (WGB)</u>

Dear Mr. Herrmann:

This letter sets forth the full and complete agreement between your client, Hernan Uribe, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Hernan Uribe to count five of the second superseding indictment, Criminal No. 00-822 (WGB), which charges conspiracy to import into the United States from a place outside therof, namely, Ecuador, approximately 400 to 500 kilograms of cocaine, in violation of Title 21 U.S.C. §§ 963 and contrary to Title 21, U.S.C. §§ 952(a) and 960 (a)(1). If Hernan Uribe enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Hernan Uribe for conspiracy to import into the United States from a place outside thereof, namely, Ecuador, from in or abut March 1999 to in or about November 1999, in the District of New Jersey and elsewhere. The scope of the protection offered in the preceding sentence is further limited to the criminal activity that Hernan Uribe has revealed to this Office as of the date of this agreement. In addition, this Office will move to dismiss count six of the second superseding indictment, Criminal No. 00-822 (WGB), against Hernan Uribe, consistent with the terms of the extradition agreement. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Hernan Uribe may be commenced against him, notwithstanding the expiration of the limitations period after Hernan Uribe signs the agreement. Hernan Uribe agrees to waive

any statute of limitations with respect to any crime that would otherwise expire after Hernan Uribe signs the agreement.

Cooperation

Hernan Uribe shall cooperate fully with this Office. As part of that obligation, Hernan Uribe shall truthfully disclose all information concerning all matters about which this Office and other Government agencies designated by this Office, including but not limited to the Immigration and Customs Enforcement, may inquire and shall not commit or attempt to commit any additional crimes. Hernan Uribe also agrees to be available at all reasonable times requested by representatives of the Government and shall truthfully testify in all proceedings, including grand jury and trial proceedings, as to any subject about which he is questioned. Furthermore, Hernan Uribe agrees to provide to this Office, upon request, all documents and other materials relating to matters about which this Office inquires. Full cooperation includes participating, if requested, in affirmative investigative techniques, such as making telephone calls, tape recording conversations, and introducing law enforcement officials to other individuals. All such activity by Hernan Uribe must be conducted only at the express direction and under the supervision of this Office and federal law enforcement personnel. If as part of this obligation to cooperate, Hernan Uribe provides self-incriminating statements, the statements shall be subject to the protections, terms, and conditions set forth in U.S.S.G. § 1B1.8 (a) & (b). Nothing, however, shall prevent the use of such statements in a prosecution for false statements, perjury, or obstruction of justice or prevent the derivative use of such statements.

The determination whether Hernan Uribe has fully complied with this agreement and provided substantial assistance to the Government rests solely in the discretion of this Office. If this Office determines in its sole discretion that Hernan Uribe has fully complied with this agreement and has provided substantial assistance in the investigation or prosecution of one or more persons who have committed offenses, this Office: (1) will move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range; and (2) may move the sentencing judge, pursuant to 18 U.S.C. § 3553(e), to depart from any applicable statutory minimum sentence. Whether the sentencing judge does in fact impose a sentence below the otherwise applicable guideline range or statutory minimum sentence is a matter committed solely to the discretion of the sentencing judge. Hernan Uribe may not withdraw his plea if this Office

determines that Hernan Uribe has not rendered substantial assistance or has not fully complied with the terms of this agreement, or if the Court refuses to grant in whole or in part the Government's motion for a downward departure.

Should Hernan Uribe withdraw from this agreement, or commit or attempt to commit any additional federal, state, or local crimes, or intentionally give materially false, incomplete, or misleading testimony or information, or otherwise violate any provision of this agreement, this Office will be released from its obligations under this agreement, including any obligation to file a motion under U.S.S.G. § 5K1.1, but Hernan Uribe may not withdraw the guilty plea entered into pursuant to this agreement. In addition, Hernan Uribe shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including, but not limited to, perjury and obstruction of justice. Any such prosecution may be premised upon any information provided, or statements made, by Hernan Uribe, and all such information, statements, and leads therefrom may be used against Hernan Uribe. Any such prosecution that is not time-barred by the applicable statute of limitations on the date this agreement is signed by Hernan Uribe may be commenced, notwithstanding the expiration of the limitations period after Hernan Uribe signs the agreement. Hernan Uribe agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Hernan Uribe signs the agreement. With respect to any prosecution referred to in this agreement, Hernan Uribe further waives any right to claim that statements made by him before or after the execution of this agreement, including any statements made pursuant to any prior agreement between Hernan Uribe and this Office, or any leads from Hernan Uribe's statements, should be suppressed under that prior agreement or under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), U.S.S.G. § 1B1.8, or otherwise.

Sentencing

The violation of 21 U.S.C. § 846 to which Hernan Uribe agrees to plead guilty carries a statutory maximum prison sentence of life imprisonment, with a statutory minimum sentence of ten years imprisonment, and a statutory maximum fine equal to the greatest of: (1) $4 million, or (2) twice the gross profits or other proceeds to Hernan Uribe. Fines imposed by the sentencing judge may be subject to the payment of interest. Consistent with the terms of the extradition treaty, the Government has assured Hernan Uribe and the Government of Colombia that it will not seek a penalty of life imprisonment. The sentence to be imposed upon Hernan Uribe is within the sole

discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the United States Sentencing Guidelines. The sentencing judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Hernan Uribe, or as to what sentence Hernan Uribe ultimately will receive.

Further, in addition to imposing any other penalty on Hernan Uribe, the sentencing judge: (1) will order Hernan Uribe to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Hernan Uribe to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.;(3) may order Hernan Uribe, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may deny Hernan Uribe certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841 and § 5D1.2 of the Sentencing Guidelines, must require Hernan Uribe to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Hernan Uribe be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Hernan Uribe may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Hernan Uribe agrees to make restitution to the community pursuant to 18 U.S.C. § 3663(c)(2) and U.S.S.G. § 5E1.1(d) in an amount to be determined by the Court, which shall not exceed the amount of the fine ordered for the offense, and that he is able to make such payments.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Hernan Uribe by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and

4

the United States Probation Office all law and information relevant to sentencing, favorable or otherwise, including information provided by Hernan Uribe before and after signing this agreement and protected by U.S.S.G. 1B1.8. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; (2) the full nature and extent of Hernan Uribe's activities and relevant conduct with respect to this case; and (3) the full nature and extent of Hernan Uribe's cooperation with this Office and when such cooperation commenced.

Stipulations

This Office and Hernan Uribe agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Hernan Uribe from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Hernan Uribe waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or

5

proceeding involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement and Hernan Uribe's cooperation to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Hernan Uribe. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Hernan Uribe.

This agreement constitutes the full and complete agreement between Hernan Uribe and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Richard C.I. Brown
Assistant U.S. Attorney

APPROVED:

Stephen J. Taylor, Chief OCDETF

I have received this letter from my attorney, Lawrence M. Herrmann, Esq., I have read it and/or it has been translated for me into Spanish, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

_____    Date: 12-13-04
Hernan Uribe

_____    Date: 12-13-04
Lawrence M. Herrmann, Esq.

## Plea Agreement With HERNAN URIBE

### Schedule A

This Office and Hernan Uribe agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

1. Hernan Uribe agrees to be sentenced pursuant to the United States Sentencing Guidelines in accordance with the stipulations below. The applicable guideline is § 2D1.1. The offense of conviction and relevant conduct involved 150 kilograms of cocaine or more of cocaine. The Base Offense Level is therefore 38. U.S.S.G. § 2D 1.1. (C)(1).

2. As of the date of this letter, Hernan Uribe has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Hernan Uribe's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

3. As of the date of this letter, Hernan Uribe has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If the offense level is 16 or greater, the government agrees that Hernan Uribe is entitled to an additional decrease of 1 level pursuant to U.S.S.G. § 3E1.1(b), unless Hernan Uribe indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

4. The parties agree that there is no basis for any upward or downward departure not set forth herein. Accordingly, neither party will seek or argue for any departure not set forth herein.

5. The parties agree that by consenting to the above stipulations, it is as if the facts found pursuant to these stipulations had been charged in an indictment and found by a jury to be proven beyond a reasonable doubt.

6. Hernan Uribe knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which (a)

challenges the sentencing court's authority to sentence under the Sentencing Guidelines in accordance with the stipulations above, (b) claims that the facts found pursuant to these stipulations must be charged in the indictment, submitted to a jury, or proven beyond a reasonable doubt, or (c) challenges the sentencing court's determination or imposition of the offense level if the total offense level determined by the court is equal to or less than 35. The United States will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than 35. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

7.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.